J-A18014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| --- | --- |
| Appellee | PENNSYLVANIA |
| v. | |
| HARVEY S. BRENDLE, | |
| Appellant | No. 2074 MDA 2015 |

Appeal from the PCRA Order Entered November 13, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s):
CP-06-CR-0002242-1997
CP-06-CR-0002243-1997

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 07, 2016**

Appellant, Harvey S. Brendle, appeals *pro se* from the post-conviction court's order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the procedural history of Appellant's case as follows:

> On May 29, 1998, [Appellant] entered guilty pleas to rape and related offenses. He was subsequently sentenced on July 24, 1998[,] and then resentenced on February 7, 2000[,] to a term of five to twenty years of incarceration in a state correctional facility. [Appellant] did not file a direct appeal.
>
> On or about August 23, 2004, [Appellant] filed a *pro se* petition pursuant to the [PCRA]. On August 30, 2004, [counsel]

---

[*] Former Justice specially assigned to the Superior Court.

was appointed to represent [Appellant] with regard to the disposition of his PCRA petition.

…

Thereafter, … [Appellant's] PCRA counsel filed a petition for leave of court to withdraw as counsel and filed a brief in support of said petition. This court subsequently provided notice of its intention to dismiss [Appellant's] PCRA petition, granted counsel's motion to withdraw, and then dismissed [Appellant's] petition on February 5, 2005. [Appellant] appealed to the Superior Court of Pennsylvania, which affirmed this court's Order on August 17, 2005. [**Commonwealth v. Brendle**, 885 A.2d 572 (Pa. Super. 2005) (unpublished memorandum).]

On July 16, 2015, [Appellant] filed the instant PCRA petition, which is his second.

PCRA Court Opinion, 10/13/15, at 1-2.

On October 13, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's *pro se* petition without a hearing, along with an opinion explaining its conclusion that Appellant's petition was untimely-filed. Appellant filed a *pro se* response, but on November 13, 2015, the court issued an order denying his petition. Appellant filed a timely, *pro se* notice of appeal, and he also timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In Appellant's *pro se* brief, he presents one issue for our review: "Whether the [c]ourt erred in denying [Appellant's] petition for [PCRA] [r]elief where [Appellant] is currently serving an illegal sentence and is incarcerated in violation of the due process clauses of both the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania?" Appellant's Brief at 1.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on March 8, 2000, at the expiration of the thirty-day period for filing a direct appeal with this Court. **See** 42 Pa.C.S. § 9545(b)(3) (stating a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Consequently, Appellant's current petition, filed in 2015, is patently untimely, and for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

In his *pro se* brief, Appellant contends that his sentence is illegal under the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt), and/or the Pennsylvania Supreme Court's subsequent decision in **Commonwealth v. Hopkins**, 117 A.3d 247, 258-59 (Pa. 2015) (holding that the mandatory minimum sentencing statute of 18 Pa.C.S. § 6317 (Drug-free school zones) is unconstitutional, in its entirety, under **Alleyne**). Appellant seemingly relies on these cases in an attempt to satisfy the 'retroactive constitutional right' exception of section 9545(b)(1)(iii).

Preliminarily, Appellant's reliance on *Alleyne* cannot meet the 60-day requirement of section 9545(b)(2), as *Alleyne* was filed in 2013 and Appellant's petition was not filed until 2015. In any event, this Court has held *Alleyne* does not satisfy the timeliness exception of section 9545(b)(1)(iii) because "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). Since *Miller*, neither our Supreme Court nor the United States Supreme Court has held that *Alleyne* applies retroactively. In fact, the Pennsylvania Supreme Court recently reached the opposite conclusion, holding that *Alleyne* does *not* apply retroactively to collateral attacks on mandatory minimum sentences. *See Commonwealth v. Washington*, -- A.3d --, No. 37 EAP 2015 (Pa. filed on July 19, 2016).

Additionally, *Hopkins* does not satisfy the section 9545(b)(1)(iii) exception. That decision did not announce a new rule - it merely *applied* the rule created in *Alleyne* to declare that a specific, mandatory minimum sentencing statute in this Commonwealth is unconstitutional. Nevertheless, even if *Hopkins* did create a new constitutional rule, our Supreme Court has not held that *Hopkins* applies retroactively. Therefore, neither *Alleyne* nor *Hopkins* meet the 'retroactive constitutional right' exception to the PCRA's time-bar.

Appellant presents one additional, legality of sentencing argument that we will only briefly address. Appellant maintains that his sentence is illegal because all of the criminal statutes in this Commonwealth are invalid, as they do not contain "titles and enacting clauses…." Appellant's Brief at 25. Appellant does not attempt to explain which timeliness exception this claim meets, and the fact that it is a challenge to the legality of his sentence is not enough, alone, to trigger our jurisdiction to review his claim. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that claims challenging the legality of sentence are subject to review within the PCRA, but must first satisfy the PCRA's time limits).

Accordingly, we ascertain no error in the PCRA court's determination that Appellant's petition is untimely, and that he has failed to satisfy an exception to the PCRA's one-year time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2016